## Pennsylvania Manufacturers Association Insurance Company v. Goldstein

*David E. Prewitt*, for plaintiff.
*Mark A. Koral*, for defendant.

WEINROTT, *J.*, May 1, 1975—Plaintiff filed an action in assumpsit claiming that its insured, Leonard Goldstein, had been in an automobile accident with one James Anderson. The complaint does not allege whether or not Anderson was insured. Also alleged are facts indicating that Goldstein submitted an uninsured motorist claim to plaintiff, which plaintiff paid in the amount of $2,500, and a collision claim, which plaintiff paid in the amount of $2,038.69. For the uninsured motorist claim, Goldstein executed a release and trust agreement, and, for the collision claim, a release and subrogation assignment. Also pleaded in the complaint is that Goldstein subsequently, without the knowledge of plaintiff, settled with Anderson and executed a joint tortfeasor's release.

Plaintiff's prayer for relief, in substance, is that since it was prejudiced by the execution of the joint tortfeasor's release (the statute of limitations of two years had run on the bodily injury claim), it is entitled to recover back all moneys paid to Goldstein.

Goldstein filed a speaking demurrer in which he alleges that there was another car involved operated by one Davis, that Davis was uninsured, that Anderson was insured and settled with Goldstein

for "cost of defense" one month before the statute of limitations had run, and that since plaintiff knew that Davis was the uninsured driver and Goldstein specifically kept the suit viable against the uninsured driver, plaintiff is entitled to nothing.

It is well settled that for purposes of ruling on a demurrer, all facts well pleaded in the complaint must be accepted as true. At this stage of the pleadings, we cannot consider the "facts" alleged in the speaking demurrer. At another time, either in the pleading stage on a motion for judgment on the pleadings, or at the completion of discovery, upon motion for summary judgment, these arguments may be presented, but only when the facts are properly of record.

We note, however, that if it develops that Anderson was insured and that there is another vehicle involved, operated by Davis as uninsured, plaintiff may not yet have suffered any prejudice on the collision claim of $2,038.69, even if Goldstein settled with Anderson via joint tortfeasor's release. It may be possible for plaintiff to sue Davis and, if this happens, Davis may join Anderson for contribution: Restifo v. McDonald, 426 Pa. 5, 230 A. 2d 199 (1967).

We have examined the recent case of Shamey v. State Farm Mutual Auto, 229 Pa. Superior Ct. 215, 331 A. 2d 498 (1974), and, although we note that the language of the documents contained therein is somewhat different than the language in the documents in the case at bar, we cannot at this stage of the proceedings rule on its applicability.

Defendant's demurrer, therefore, is overruled.

Defendant has also requested a more specific complaint in that no copy of the policy of insurance

was attached to the pleadings. We believe this is proper and so order it.

In view of the foregoing, we enter the following

### ORDER

And now, May 1, 1975, the demurrer of defendant, Leonard I. Goldstein, is overruled; plaintiff shall file an amended complaint for the reasons set forth above.